The relief described hereinbelow is SO ORDERED.

Signed July 25, 2011.



_____
ROBERT D. BERGER
United States Bankruptcy Judge
_____


## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-20014 |
| CORBIN PARK, L.P., | ) | Chapter 11 |
| | ) | Hearing Date: July 21, 2011 |
| Debtor. | ) | Hearing Time: 1:30 p.m. |

**ORDER APPROVING THE JOINT MOTION OF DEBTOR AND BANK OF AMERICA, N.A. FOR (I) APPROVAL OF (a) FORM OF PURCHASE AGREEMENT; (b) BID PROCEDURES AND (c) FORM AND MANNER OF NOTICE, AND <u>(II) FOR SCHEDULE OF AUCTION DATE</u>**

THIS MATTER coming to be heard on the Joint Motion and of Debtor and Bank of America, N.A. for (I) Approval of (a) Form of Purchase Agreement; (b) Bid Procedures and (c) Form and Manner of Notice, and (II) for Schedule of Auction Date of (the "Procedure Motion") and the Court finding that due notice of the Procedure Motion was served on all necessary parties, and the Court having reviewed the Procedures Motion and all of the objections and/or responses thereto, and after conducting a hearing on the same, and having determined that the entry of this Order is in the best interests of this estate;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Procedure Motion is **GRANTED** in its entirety;

2. That the Bidding Procedures attached hereto and incorporated herein as <u>Exhibit A</u> are approved in all respects and shall govern the Auction of Debtor's Property ("Auction") which shall be held at 2:00 p.m. (C.S.T.) on August 30, 2011 at the offices of Lentz Clark Deines PA, 9260 Glenwood, Overland Park, Kansas 66212, or at such other place announced at the time of sale. Any and all bidders shall refer to the terms of the Bidding Procedures attached hereto as <u>Exhibit A</u> which governs the terms of the Auction;

3. That the Aspen Contract attached to the Procedure Motion as Exhibit A is approved as the Lead Bid at the Auction and the Break-Up Fee provided in the Aspen Contract is approved and shall be paid to Aspen (if necessary) at Closing. The Court further holds that any and all subsequent bidders are not bound by the purchase price allocation set forth in the Aspen Square contract and that any purchase price allocations are not binding upon the Court;

4. The Court hereby sets September 2, 2011 at 9:30 as the date for the Final Sale Approval Hearing at which time the Court will consider approval of the highest bid received for the Debtor's Property at the Auction.

**IT IS SO ORDERED.**

*###*

Respectfully submitted,

LENTZ CLARK DEINES PA

s/ Jeffrey A. Deines
Carl R. Clark, KS #11411
Jeffrey A. Deines, KS # 20249
9260 Glenwood
Overland Park, KS  66212
(913) 648-0600
(913) 648-0664 Fax
cclark@lcdlaw.com
jdeines@lcdlaw.com
Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-20014 |
| CORBIN PARK, L.P., | ) | Chapter 11 |
| | ) | Hearing Date: July 21, 2011 |
| Debtor. | ) | Hearing Time: 1:30 p.m. |

### BIDDING PROCEDURES AND BREAK-UP FEE
### FOR A PROPERTY KNOWN AS CORBIN PARK

PLEASE BE ADVISED that the United States Bankruptcy Court for the District of Kansas has approved the following Bid Procedures ("Bid Procedures") for the sale of the Debtor's property located at 135th Street and Metcalf Avenue in Overland Park, Kansas known as "Corbin Park" (the "Property"). Please read these Bid Procedures carefully as they will govern the sale of the Debtor's Property. The Debtor has received a bid from Aspen Square, Inc. ("Aspen"), a Kansas corporation, which represents the highest and best price for the Debtor's Property; the Debtor, with the assistance of its Lenders, has determined Aspen to be a qualified buyer capable of completing the sale pursuant to the terms of that certain Agreement of Purchase and Sale and Joint Escrow Instructions By and Between Corbin Park, L.P., Debtor in Possession and Aspen Square, Inc. dated as of June 30, 2011 (the "Aspen Contract"). The Aspen Contract shall constitute the opening offer at an auction of the Debtor's Property ("Lead Bid") to be conducted on August 30, 2011, as set forth in Section iii of these Bid Procedures. The Lead Bid is in the amount of $14,000,000 and any subsequent bid must provide for a cash purchase price exceeding the Lead Bid by at least the sum of $1,250,000 resulting in the overbid amount of at least $15,250,000 ("Initial Overbid"), with all subsequent overbids being in increments of not less than $250,000.

The Debtors shall continue to seek offers for the Debtor's Property as follows:

a. ***Solicitation.*** Debtor shall continue to seek offers for the Debtor's Property from potential bidders, including potential bidders who have made previous contacts with Debtor, and any other potential purchasers who express an interest in purchasing the Debtor's Property after the entry of an Order approving the Bid Procedures.

b. ***Debtor's Broker.*** Debtor shall continue to have its Broker market the Debtor's Property up to the Bid Date ("Bid Period"). The Debtor's Broker shall solicit offers for the Debtor's Property during the Bid Period. The Debtor's Broker shall also conduct a market analysis to identify any and all parties who may have an interest in purchasing the Debtor's Property and contact those parties and assist the Debtor with all due diligence requests from potential bidders.

c. ***Information to Potential Bidders.*** Debtor and the Debtor's Broker will coordinate and provide the necessary information for due diligence to any potential bidder. In addition to participating in negotiations or discussions with potential bidders, Debtor and Debtor's Broker shall furnish to such potential bidders certain non-public information so long as such potential bidders: (i) execute and deliver to Debtor a confidentiality agreement in a form and substance acceptable to Debtor and Lenders, (ii) execute and deliver to Debtor information, which in Debtor's and Lenders' view, demonstrates the financial capability of such entity to consummate the purchase of the Debtor's Property within the time frame set out in the Aspen Contract, and (iii) deliver to Debtor a fully refundable deposit of $250,000.00 prior to receiving any non-public information regarding the Debtor's Property ("Due Diligence Deposit"). In addition to the above, Debtor and/or Debtor's Broker will make available to all such parties a copy of the Aspen Contract and all attachments, exhibits and schedules thereto.

d. ***Overbids.*** Debtor and Debtor's real estate broker shall solicit overbids in accordance with the following procedure:

   i. ***Overbid Deadline.*** All bids shall be submitted in writing and must be received by Debtor, through its counsel of record, no later than 4:00 p.m. (C.S.T.) on August 25, 2011 (the "Bid Date") at the following address:

Jeffrey A. Deines
**LENTZ, CLARK, DEINES P.A.**
9260 Glenwood
Overland Park, Kansas 66212
(913) 648-0660
(913) 648-0664 (facsimile)
jdeines@lcdlaw.com

with copy to

**LEWIS, RICE AND FINGERSH, LC**
ATTN: Joseph J. Trad, Esq.
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7691
(314) 612-7691 (facsimile)
jtrad@lewisrice.com

ii. ***Overbid Requirements.*** To be considered by Debtor, all overbids must satisfy the following minimum requirements (such bid, a "Qualified Bid"):

(1) The Initial Qualified Bid must provide for a cash purchase price equal to or in excess of the Initial Overbid, with subsequent overbids being in increments not less than $250,000 and be on terms and conditions that Debtor and the Lenders believe are substantially the same as, or superior to, those set forth in the Aspen Contract;

(2) All Qualified Bids must be accompanied by a deposit equal to $1 million which may consist of a Deposit of $750,000.00 plus the Due Diligence Deposit of $250,000.00 for a total of $1 million (the "Deposit") in the form of either (i) a cash deposit to be held by Debtor or (ii) an irrevocable standby letter of credit listing Debtor as the beneficiary, provided any such standby letter of credit must be issued by a federally insured national banking association and be in a form and substance acceptable to Debtor and Lenders. The Deposit shall be forfeitable to Debtor in the event the Successful Bidder (as defined herein) fails to close by the Closing Deadline (as defined herein). Such Deposits shall be refunded only as detailed below;

(3) All Qualified Bids must provide for the purchase of all or substantially all of the Debtor's Property as set forth in the Aspen Contract;

(4) All Qualified Bids must be accompanied by evidence satisfactory to Debtor and Lenders demonstrating that the bidder has the financial ability to close and consummate the purchase of the Debtor's Property no later than 5:00 p.m. (C.S.T.), September 30, 2011 (the "Closing Deadline");

(5) In connection with a Qualified Bid, the bidder must execute and deliver to Debtor a purchase agreement in a form that is, in Debtor's view, substantially the same as, or superior to Debtor, the terms set forth in the Aspen Contract and such bidder must submit a red-line version of its contract compared to the Aspen Contract showing all changes it has made to the Aspen Contract;

(6) All Qualified Bids shall remain open and irrevocable through the date of entry of the Final Sale Approval Hearing.

iii. *Auction Process and Selection of Successful Bidder.* In the event one or more Qualified Bids have been received by the Bid Date, an auction ("Auction") will be held at 2:00 p.m. (C.S.T.) on August 30, 2011 (the "Auction Date"). The Auction will be conducted at the offices of Lentz, Clark, Deines P.A., 9260 Glenwood, Overland Park, Kansas 66212. Only Aspen and Qualified Bidders who have complied with the Bid Procedures may participate in the Auction.

iv. *Bid Increments.* The initial bid increment shall be not less than the highest Qualified Bid received prior to the Auction Date. Any subsequent overbid shall be in increments not less than $250,000. Upon completion of the Auction, Debtor and Lenders shall select the bid that, in their reasonable judgment, represents the highest and best offer and is in the best interests of Debtor and its estate (the "Successful Bidder"). Debtor shall then present the bid of the Successful Bidder (the "Successful Bid") at the Final Sale Approval Hearing and seek Bankruptcy Court approval of the sale of the Debtor to the Successful Bidder.

v. *Approval of Successful Bidder.* At the Final Sale Approval Hearing, Debtor shall inform the Court of the Successful Bid and seek authority to sell the Debtor's Property to the Successful Bidder.

vi. *Return of Deposit.* Within thirty (30) business days after the Final Sale Approval Hearing, all Deposits, without interest, shall be returned to any bidder whose bid was not the Successful Bid. The Deposit submitted by the Successful Bidder shall be applied against the payment of the purchase price for the Successful Bid at the closing of the sale to the Successful Bidder.

vii. *Alternative Successful Bidder.* In the event the Successful Bidder does not close, Debtor may close with any other bidder (the "Alternative Successful Bidder") who, in Debtor's and Lenders' reasonable judgment, represents the next highest and best offer for

the Debtor's Property, provided such bidder agrees at the Auction to remain as an Alternative Successful Bidder and further provided that such Alternative Successful Bidder is approved by the Bankruptcy Court at the Final Sale Approval Hearing.

viii. **Right to Reject Bids.** Debtor with Lender's consent may, at any time before entry of an order approving a Successful Bid, reject any bid.

ix. **Failure of Successful Bidder to Close.** In the event the Successful Bidder does not close on or before the Closing Deadline, Debtor may close with the Alternative Successful Bidder, if any, and the Deposit of the Successful Bidder shall be forfeited to Debtor or Debtor may draw down on the letter of credit, as the case may be, provided that the failure of the Successful Bidder to close on or before the Closing Deadline was not a result of Debtor's default or breach of the Agreement. If the failure of the Successful Bidder to close on or before the Closing Deadline was a result of Debtor's default or breach of the Aspen Contract or similar contract, the Deposit of the Successful Bidder shall be refunded or the letter of credit will be terminated, as the case may be.

x. **Break Up Fee.** If the Bankruptcy Court approves any bid at the Final Sale Approval Hearing other than Aspen's bid, and provided that such bid is a Qualified Bid and the applicable requirements of the Aspen Contract are otherwise satisfied, then Debtor shall pay to Aspen the Break-Up Fee based on documented expenses contemplated under the Aspen Contract at the Closing Deadline of the sale of Debtor's Property.

**IF ANY PARTY HAS ANY QUESTIONS REGARDING THESE BID PROCEDURES THEY MAY CONTACT THE FOLLOWING PARTIES:**

Jeffrey A. Deines
**LENTZ, CLARK, DEINES P.A.**
9260 Glenwood
Overland Park, Kansas 66212
(913) 648-0660
(913) 648-0664 (facsimile)
jdeines@lcdlaw.com

**LEWIS, RICE AND FINGERSH, LC**
ATTN: Joseph J. Trad, Esq.
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7691
(314) 612-7691 (facsimile)
jtrad@lewisrice.com

Please be advised that the Debtor will conduct an auction of the Property should there be a Qualified Bid on August 30, 2011 at 2:00 p.m. that the offices of Lentz, Clark, Deines P.A.,

9260 Glenwood, Overland Park, Kansas 66212 or any other place announced to any and all Qualified Bidders.