IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 10-20014-RDB |
| **CORBIN PARK, L.P.**, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF RESERVATION OF RIGHTS AND LIMITED OBJECTION OF
J. C. PENNEY CORPORATION, INC. AND J.C. PENNEY PROPERTIES, INC. TO
THE JOINT MOTION OF DEBTOR AND BANK OF AMERICA FOR (I)
APPROVAL OF (a) FORM OF PURCHASE AGREEMENT; (b) BID PROCEDURES;
AND (c) FORM OF NOTICE; AND (II) SCHEDULE OF AUCTION DATE**

J. C. Penney Corporation, Inc. ("J. C. Penney Corp.") and J. C. Penney Properties, Inc. ("J. C. Penney Properties", and collectively with J. C. Penney Corp. "JCPenney"), by and through their undersigned counsel, hereby asserts its Limited Objection and Reservation of Rights to the Joint Motion of Debtor and Bank of America (the "Motion to Sell") [Docket Nos. 455, 561], and respectfully states as follows:

**Background**

1. The Debtor is the owner and developer of Corbin Park, a partially constructed regional shopping center located at 135th and Metcalf Avenue in Overland Park, Kansas (the "Project").

2. JCPenney owns and operates a JCPenney retail store located in the Project, on property owned by J.C. Penney Properties, Inc. in fee simple. Prior to the Debtor seeking bankruptcy protection, J. C. Penney and the Debtor entered into multiple agreements, including, but not limited to, a Declaration Regarding Construction, Operation and Reciprocal Easements, an agreement supplementing same titled Supplemental Agreement, and a Lease Agreement (all as amended and/or supplemented herein referred to as the "Agreements")

2119145.1

which granted real and other property rights in favor of JCPenney, including, but not limited to, easements (for ingress, egress, parking, utilities, drainage, lighting, etc.), site plan orientation restrictions (including permissible building areas and common area locations), use restrictions, tenant mix or balance requirements, shopping center operations, common area maintenance (including monetary contributions thereto), operating covenants, architectural standards, construction standards (including monetary contributions to initial development), developer representations, warranties and indemnities, outparcel development, parking ratios, lighting, signage, destruction (rebuild obligations), insurance requirements, condemnation rules, leasehold and other real property possessory interests (collectively referred to herein as the "Rights"). Each of these Rights is critical to JCPenney's investment and operation in the Project.

3. On July 6, 2011, Debtor and Bank of America filed its Motion to Sell seeking approval of a stalking-horse Purchase Agreement and bidding procedures,[1] and also asking the Court to schedule a hearing on the sale of the property. The Court approved the motion and the proposed bidding on July 25, 2011, and set a further hearing for final approval of the bid procedures to be held on September 2, 2011.

4. JCPenney files this Notice of Reservation of Rights, as set forth below, to give notice that any sale conducted through the bankruptcy is subject to the Rights granted by the Agreements. Although JCPenney does not construe the Motion to Sell, or the Court's order approving the bidding procedures and setting a hearing for final approval as affecting the Rights or the Agreements, out of an abundance of caution, JCPenney files this limited objection to the Motion to Sell.

---

[1] According to news reports and upon information and belief, the stalking-horse bidder at the time the Motion to Sell was filed, Aspen Square, Inc., has withdrawn as a purchaser. Moreover, the Court's docket does not indicate whether the proposed sale auction occurred, as scheduled, on August 30, 2011.

## Notice of Reservation of Rights and Limited Objection

1. By the Motion, the Debtor seeks the ability to sell its assets free and clear of all liens. However, to the extent such a sale would affect the Rights or the Agreements, this sale would not meet the requirements of section 363(f) of the Bankruptcy Code nor the minimum requirements of due process. As such, JCPenney hereby gives notice of its reservation of rights and limited objection to the Motion to Sell.

2. The Rights or the Agreements are not liens of a type that can be satisfied by monetary payments (e.g., easements, site plan orientation restrictions (including permissible building areas and common area locations), use restrictions, tenant mix or balance requirements, shopping center operations, common area maintenance, operating covenants, architectural standards, construction standards, developer representations, warranties and indemnities, outparcel development, parking ratios, lighting, signage, destruction (rebuild obligations), insurance requirements, condemnation rules, leasehold and other real property possessory interests, etc.). *See Gouveia v. Tazbir,* 37 F.3d 295, 300 (7th Cir. 1994); *Silverman v. Ankari*, 196 B.R. 251, 255-56 (Bankr. E.D.N.Y. 1996). Neither the attachment to proceeds of section 363(f)(3) of the Bankruptcy Code nor the Debtors' compelling acceptance of money satisfaction under section 363(f)(5) of the Bankruptcy Code would be applicable to such a lien. *See id.* Therefore, the Debtors cannot sell property free and clear of the Rights or the Agreements, unless JCPenney, the holder thereof, consents to such sale.

3. Additionally, constitutional due process requires a notice to be reasonably calculated to notify an interested party of the pendency of an action, the relief requested by the action, and to afford a party an opportunity to object. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). In the current case, it is unclear what agreements the

Debtors seek to modify through the Purchase Agreement or other sale—and thus which rights may be implicated—because the Purchase Agreement does not enumerate: (i) the specific contracts to be assumed or modified in the sale, (ii) the existing title encumbrances the purchaser will take subject to, or, (iii) with any specificity what property rights the purchaser will take free and clear from. Such notice is facially insufficient to notify a property interest holder, including JCPenney, of the consequences of any pending sale of the property.

4. JCPenney hereby gives notice of its reservation of rights, or in the alternative, objects and does not consent to the sale free and clear of any property rights or liens which benefit JCPenney, including, but not limited to, Rights and/or the Agreements, which the Debtors may be seeking authority to sell free and clear from pursuant to the bidding procedures and/or the final purchase agreement.

## CONCLUSION

WHEREFORE, for the reasons stated herein, JCPenney, by counsel, gives notice of its reservation of rights and limited object to the Motion to Sell.

Dated:  August 31, 2011

>By:  /s/ Gregory M. Bair
>Gregory M. Bair (Texas #2401223)
>*Admitted Pro Hac Vice*
>Senior Counsel, J. C. Penney Corporation, Inc
>(972) 431-5353
>Fax No. (972) 531-5353
>gbair@jcpenney.com
>
>-and-
>
>Amy E. Hatch (KS #20521)
>Polsinelli Shughart PC
>700 West 47th Street, Suite 1000
>Kansas City, Missouri 64112
>(816) 753-1000
>Fax No. (816) 753-1536
>ahatch@polsinelli.com
>
>*Attorneys for J. C. Penney Corporation, Inc.*
>*and J. C. Penney Properties, Inc.*

**CERTIFICATE OF SERVICE**

I, Amy E. Hatch, hereby certify that on the 31st day of August, 2011, a true and correct copy of the *Notice of Reservation of Rights and Limited Objection of J.C. Penny Corporation, Inc. and J.C. Penny Properties, Inc. to the Joint Motion of Debtor and Bank of America for (I) Approval of (a) Form of Purchase Agreement; (b) Bid Procedures; and (c) Form of Notice; and (II) Schedule of Auction Date* was served electronically to Debtor's counsel, the U.S. Trustee, and all interested parties registered to receive ECF notification from the Court, and served on the 1st day of September, 2011, by First-Class United States Mail, postage prepaid, addressed to:

    Richard A. Davidson
    Lane & Waterman LLP
    220 North Main Street, Suite 600
    Davenport, IA 52801

    Michael S. Martin
    100 Westwood Colonial Building
    4800 Rainbow Boulevard
    Westwood, KS 66205

    Danne W. Webb
    2600 Grand Boulevard, Suite 1100
    Kansas City, MO 64108

                                           /s/ Amy E. Hatch