UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

In re:                                              )
                                                    )
CORBIN PARK, L.P.,                                  )     Case No. 10-20014
                                                    )     Chapter 11
          Debtor.                                   )

**MOTION TO CLARIFY AND OBJECTION TO PROPOSED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF CLAIMS, LIENS, ENCUMBRANCES, AND INTERESTS OR ALTERNATIVELY MOTION TO AMEND ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF CLAIMS, LIENS, ENCUMBRANCES AND INTERESTS**

Slaggie Architects, Inc. ("Slaggie"), hereby moves this Court to clarify and or amend its Its Order Approving Sale Of Property Free And Clear Of Claims, Liens, Encumbrances And Interests ("Order Approving Sale") (Exhibit 1) and hereby objects to the proposed Order Approving Sale. In support of this Motion, Slaggie states:

SLAGGIE'S INTELLECTUAL PROPERTY

1. Slaggie is the Architect of the Corbin Park Project. Slaggie provided architectural and engineering services in connection with the Project, including its design.

2. The Copyright Act of 1976 17 U.S.C.A. §§ 101 provides that architectural plans and engineering drawings fall within the subject matter of federal copyright law, as "architectural works," which are expressly made subject to copyright protection. 17 U.S.C.A. §102(a)(8); *See also, Pub L No 101-650, 104 Stat 5133 (Architectural Works Protection Copyright Act of 1990, codified in scattered sections of 17 U.S.C.A.).*

3. The plans, drawings, specifications and other documents prepared by Slaggie in connection with the Corbin Park Project, are therefore intellectual property subject to the provisions of the Copyright Act. As the intellectual property of Slaggie, the plans, drawings,

1

specifications and other documents are owned by Slaggie ("Slaggie Intellectual Property). The Slaggie Intellectual Property is not owned by the Debtor.

## NO NOTICE OF INTENT TO INCLUDE IN ORDER MATTERS ADDRESSING OR PURPORTING TO AFFECT SLAGGIE'S INTELLECTUAL PROPERTY

4. As this Court is aware, the only assets that can be transferred in connection with the sale are those owned by the Debtor. The Debtor does not own Slaggie's Intellectual Property. Slaggie owns Slaggie's Intellectual Property.

5. At no time, in any of the motions filed before this Court with respect to the sale of the property, or in any of the proposed sale documents (including those filed the very day of the hearing – *See e.g.* Doc 588 and 589) was any mention made of Slaggie's Intellectual Property rights. No request was made by the Debtor in its motion that this Court address Slaggie's Intellectual Property rights in its Order. No effort was made to alert Slaggie or its counsel that the impact of the sale on Slaggie's Intellectual Property rights would be addressed or considered in any respect at the hearing on the sale. (Slaggie's Intellectual Property is owned by Slaggie and not the Debtor and was therefore never considered or addressed in any notice before the Court, including the notices concerning the sale).

6. Notice for the hearing on the approval of the sale was received at 6:04 p.m. the evening of October 24, 2011 – less than 24 hours before the 1:30 pm hearing. (*See* docket text) Slaggie's counsel was in depositions both October 24 and October 25, 2011 and as there was no notice in any respect of the intent of the Debtor and Buyer to address at the hearing or in the Court's Order Slaggie's Intellectual Property rights, only Mr. Slaggie and not Slaggie's counsel appeared at the hearing.

7. However, literally at the courtroom door on 1:30 p.m., Mr. Slaggie was provided with a proposed Order Approving Sale which for the first time included provisions with respect

to the Intellectual Property owned by Slaggie. As the assets of Slaggie are not at issue in this case and were never addressed by motion or otherwise, the scope of the proposed Order Approving Sale was well outside the boundaries of the motion before the Court. When Mr. Slaggie attempted to address the issue with the Court, counsel for the Buyer objected and the Court did not hear the objection.

8. Rather than provide notice to Slaggie of its intent to interject into the Court's Order the issue of Slaggie's Intellectual Property (a subject well-beyond the parameters of the motion), the Debtor instead inserted provisions concerning Slaggie's Intellectual Property in the proposed Court's Order, perhaps hoping to do a "end run" around Slaggie. Fortunately, the constitution does not permit these antics. Due process requires that a party receive notice and an opportunity to be heard before property rights, such as the Intellectual Property owned by Slaggie can be taken away. Constitutional due process requires notice to be reasonably calculated to notify an interested party of the relief requested and an opportunity to object. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Here, neither Slaggie nor his counsel were notified that Slaggie's Intellectual Property would be considered at the hearing and worse, Slaggie therefore was not heard on the issue.

### SLAGGIES INTELLECTUAL PROPERTY IS NOT AN ASSET OF THE ESTATE AND CANNOT BE TRANSFERRED AS A PART OF THE SALE

9. The provision in the proposed Order of Sale, prepared by the Debtor and Buyer and on which Slaggie did not receive notice and has not been heard, is contained in Paragraph 13. Paragraph 13 addresses the transfer of the Property to the Buyer. Paragraph 13 provides that the "transfer of the Property..will vest the Buyer..with all right, title and interest of the Debtor to the Property, including…..,

> (iii) the equipment, furniture and fixtures and other personal property, if any, **which are actually owned by the Debtor** and located on the

> Real Property, Debtor's marketing brochures and similar materials, and Seller's intellectual property (<u>including but not limited to: copyrights; the drawings, specifications, plans, designs and other documents prepared by Slaggie Architects, Inc. in connection with the development of the Real Property; internet domain rights and related website rights; trademarks and trade names used in connection with the Real Property (emphasis added)</u>. (Emphasis Added)

10. Slaggie suspects that the Court intends any Order it issues with respect to the sale to be limited to property owned by the Debtor and not the property of Slaggie. Although Slaggie has not yet seen an executed order, if the Court has already signed the proposed Order of Sale, the languages of the does indicate that it applies to property "**actually owned by the Debtor.**" However, the proposed language references transfer of Slaggie's Intellectual Property. As the Debtor doesn't own Slaggie's Intellectual Property, there is nothing to transfer. There is therefore no reason to specifically include Slaggie's Intellectual Property in the Order (especially given the fact it has never been the subject of any motion or proceeding). Slaggie believes the language was inserted in the proposed Order of Sale in an effort to blur the Court's intent. As Slaggie's Intellectual Property is owned only by Slaggie, there is no reason for the language to be included at all, unless as Slaggie suspects, it's a "bait and switch" attempt by the Buyer and Debtor to try to justify violating the copyright protections afforded to Slaggie under the guise of this Order.

11. In other words, Slaggie believes the Court did not intend to state or imply that Slaggie's Intellectual Property **which is owned by Slaggie,** has somehow been transferred by this Debtor to the Buyer. The Slaggie Intellectual Property is not owned by the Debtor, it is owned by Slaggie. It is therefore not an asset subject to transfer by this Court. There was no notice, motion or hearing with respect to the ownership of Slaggie's Intellectual Property. Before this Court could ever take the property rights of Slaggie, (here Slaggie's Intellectual Property) due process requires that Slaggie be notified of that intent and be afforded an

4

opportunity to address the authority of the Court to transfer the personal property of a non-debtor in this proceeding.

12. Given the circumstances in which this language was inserted in the Courts order – minutes before the hearing, without motion or notice of its inclusion to Slaggie, Slaggie requests that the Court either amend or clarify its Order so that all parties unequivocally know that the property rights of Slaggie in Slaggie's Intellectual Property has not been impacted by this Order.

Date: October 26, 2011    Respectfully submitted,

WALTERS BENDER STROHBEHN & VAUGHAN, P.C.

By: _____/s/R. Keith Johnston_____
R. Keith Johnston, KS #14842
Karen Wedel Renwick, KS #12095
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
Telephone:    (816)421-6620
Facsimile:    (816) 421-4747
krenwick@wbsvlaw.com

ATTORNEYS FOR SLAGGIE ARCHITECTS, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing was sent electronically on this 26th day of October, 2011, to all parties receiving electronic notification.

/s/ R. Keith Johnston
R. Keith Johnston
Attorney for Slaggie Architects, Inc.

5